WIGGINTON,, Chief Judge.
Appellant filed suit for personal injuries arising out of an automobile accident. The suit was brought under the Guest Statute.[1] From a summary final judgment in defendant’s favor plaintiff has appealed.
The principal point urged by appellant ■questions the correctness of the court’s action in entering a summary judgment on the basis of the pleadings, depositions and other exhibits appearing in the record. It is contended that the evidence raises genuine issues of material facts which requires that the case be submitted to a jury for decision.
The-evidence which was before the trial court at the hearing on defendant’s motion for.summary judgment is relatively brief and not in material dispute. For the purpose of our consideration all conflicts are resolved in plaintiff’s favor and against the propriety of the judgment. From the evidence it appears that plaintiff, an unmarried seventeen, year old girl, met defendant, a married, man, for the first time at a place called. “The Friendly Spot’’ in Escambia County. , Their acquaintanceship quickly blossomed to the extent that plaintiff agreed to accompany defendant in his automobile on a trip to Mobile, Alabama. They embarked on their journey some time in the.middle of the afternoon. Defendant stopped his car at a bar where he purchased a bottle of Vodka, .two cans of grapefruit juice and two cups. Plaintiff mixed a drink from these ingredients which was consumed by defendant-before starting on their trip. While traveling down the highway defendant partook of another drink of-Vodka, which .caused plaintiff some apprehension. Upon becoming fearful at the fate of speed which defendant was driving his car, plaintiff protested and asked to be let out of the automobile as it reached an intersection. Upon defendant’s assurance that he would travel at a slower speed plaintiff did not press her announced desire to leave the automobile, but remained in it without further protest. As defendant’s car proceeded further down the highway, he took another drink of Vodka and commenced driving at what plaintiff characterized a fast rate of speed. The rain was falling steadily and the highway was wet. At a certain identified point on the highway a car approaching defendant’s automobile from the opposite direction swerved over to defendant’s side of the road and into defendant’s lane' of traffic. When the on-coming car reached a point so close that a headon collision appeared imminent, defendant swerved his car to the right and off the highway onto the shoulder-of the-road. ■ After the oncoming car had passed, defendant attempted to maneuver his car back onto the highway; hut because of some undisclosed reason the car'túfned over after regaining the highway, resulting in plaintiff’s injuries.'
It is on the basis of the foregoing facts that plaintiff contends that the record establishes a jury question on the issue of liability under the Guest Statute. Our decision as to whether the facts, when viewed in a light' most favorable to plaintiff, are such that a, jury could lawfully conclude that defendant was guilty of gross negligence is controlled by the decision of our Supreme Court in' the Carraway case.[2] In Carraway gross negligence has .been defined as that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury-to persons or property. To put it another way, if the course of conduct is such that, the likelihood of injury to other persons or property is known by the actor to be imminent or “clear and present”, that negligence is gross, whereas other negligence would be simple negligence.
*527 It is clear from the facts disclosed by the record in this case that defendant’s act in driving his automobile at what plaintiff referred to as “a high rate of speed” on a wet highway after having had several drinks of Vodka was not the proximate cause of the accident out of which plaintiff’s injuries arose. Even, had defendant been cold sober and driving at a slow rate of speed, he could not have prevented the on-coming vehicle from crossing over into his lane of traffic, creating a situation where a headon collision appeared imminent. Judging by all proper standards, defendant’s act in maneuvering his automobile off the highway and out of the path of the on-coming vehicle was what a reasonable and prudent person would have done under like circumstances for his own protection and that of his passenger.
From the evidence it clearly appears that the proximate cause of plaintiff’s injuries was defendant’s act in attempting to regain the highway after he had been forced off of it by the on-coming vehicle. In this respect we must determine whether defendant’s act in attempting to re-enter the highway under the circumstances shown by this record was, as said in Carraway, a course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to person or property, or such that the likelihood of injury to other persons or property was known to be imminent or “clear and present.” The evidence is silent as to how far down the shoulder of the road defendant operated his automobile before attempting to re-enter the highway. It is also silent as to the speed defendant’s automobile was traveling at the time he attempted to maneuver it from the shoulder back onto the road. There is no evidence in the record from which the condition of the shoulder and highway at the point where defendant attempted to re-enter it can be determined. If defendant’s automobile was still traveling at a high rate of speed at the time he attempted to re-enter the wet and slippery highway, and the condition of the shoulder of the road where it joined the highway at the point of re-entry was such as would most likely cause the vehicle to.overturn, a jury could reasonably conclude from these facts that defendant’s conduct constituted gross negligence. If, on the other hand, the speed of defendant’s car had decreased to a reasonable rate at the time he endeavored to re-enter the highway from the shoulder of the road, and there was nothing to put a reasonable person on notice that to attempt to re-enter the highway was dangerous and would likely result in injury to tire person or property of another, then there would be no basis upon which the jury could lawfully conclude that defendant was guilty of gross negligence. At the hearing upon defendant’s- motion for summary judgment the record contained no evidence from which a jury could lawfully conclude that defendant’s course of conduct in attempting to re-enter the highway from the shoulder of the road was such that a reasonable and prudent man would know would most likely result in injury to plaintiff. We fail to find in this record any credible evidence from which the jury could have lawfully concluded that plaintiff’s injuries were proximately caused by gross negligence on the part of defendant. Having arrived at this conclusion it is our opinion that the trial court did not commit error in granting defendant’s motion for summary judgment nor in entering final judgment thereon. The judgment appealed is accordingly affirmed.
STURGIS, J., concurs.
CARROLL, DONALD, J., dissents.

. F.S. § 320.59, F.S.A.

. Carraway v. Revel, Fla.1959, 116 So.2d 16.