134 So.2d 23 (1961)
BANCO NACIONAL DE CUBA, Appellant,
v.
A.M. STECKEL, Appellee.
No. 61-50.
District Court of Appeal of Florida. Third District.
October 26, 1961.
Rehearing Denied November 27, 1961.
Patton & Kanner, Miami, for appellant.
Owen S. Freed, Miami, and Straughn & Sharit, Winter Haven, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The record in this case discloses that in 1956 and 1957 the appellee-plaintiff delivered unto the appellant-defendant $61,662.53, and in return received 5 dividend certificates that contained the following covenant:
"The bearer hereof will receive from Banco Nacional de Cuba against delivery to said bank of (various denominations of) Cuban Pesos and surrender of this certificate, a check on *24 New York for an equal amount in United States Dollars, exempt from the Tax on Exportation of Money."
The complaint alleged a tender and demand for payment, in accordance with the terms of the certificates, which demand was refused by the defendant.
A garnishment writ was directed to certain banking institutions in the Greater Miami Area, to cover any assets of the defendant that might be on deposit in said institutions. Returns were made, indicating that there was more than sufficient funds to satisfy the claims of the plaintiff. Pursuant to F.S. Ch. 48, F.S.A., notice to defend was published calling upon the defendant to file defenses no later than September 30, 1960. When no defenses were filed on or before the return date, the plaintiff, on October 3, 1960, filed a praecipe for default which was not entered by the Clerk of the Court at that time nor at any subsequent time. The same day, October 3, 1961, the defendant filed and mailed to opposing counsel the following: (1) special appearance, (2) two motions to dismiss, and (3) motion to quash writs of garnishment. The motions to dismiss alleged that the court was without jurisdiction of the defendant and insufficiency of process. Thereafter, the plaintiff, on October 20, 1960, filed the following: (1) a motion to strike the defenses of the defendant as being untimely filed, (2) a motion for entry of default and final judgment, and (3) a motion for summary judgment
On January 6, 1961, a hearing was held on all motions, at which time the defendant filed a motion for extension of time within which to file counter affidavits to the motion for summary judgment. At the hearing, counsel for the defendant urged the sovereign immunity of the defendant which had been raised by the motions to dismiss previously filed. All motions of the plaintiff and defendant were considered and, while the trial court indicated it would enter a default judgment against the defendant, it nevertheless made the plaintiff go forward and prove up his motion for summary judgment before granting a final summary judgment against the defendant, Banco Nacional de Cuba, a Cuban corporation.
The defendant's plea of sovereign immunity was not properly made. The procedure for raising a question of sovereign immunity is by making it a subject of diplomatic representation to the United States Department of State and the claim, if recognized, may be set forth and supported in an appropriate suggestion to the court by the Attorney General of the United States or an officer acting under his direction. See Harris & Company Advertising, Inc. v. Republic of Cuba, Fla.App. 1961, 127 So.2d 687; National City Bank of New York v. Republic of China, 348 U.S. 356, 75 S.Ct. 423, 99 L.Ed. 389; The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667; The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 65 L.Ed. 592; Ex parte Muir, 254 U.S. 522, 41 S.Ct. 185, 65 L.Ed. 383; and United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. The question of immunity was brought before the trial court by simple motion to dismiss filed on behalf of the defendant, who made both a special and a general appearance. This was improper and the court's failure to recognize such a plea did not constitute reversible error.
The defendant's contention that the trial court erred in denying the motion for extension of time to file affidavits is predicated on Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1959, 108 So.2d 641, 644, wherein the First District Court of Appeal reversed a trial court which had denied a motion for extension of time to file counter affidavits. In the cited case only twelve days lapsed from the filing of the motion for summary judgment to the date of the hearing, while in the instant case seventy-seven days had elapsed. *25 The court, in Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., supra, said:
"The rule authorizing the summary final disposition of cases by judgment or decree does not contemplate that the motion will be granted in those cases where because of peculiar circumstances a party is unable on short notice to interrogate witnesses and procure affidavits * * *." [Emphasis added.]
Seventy-seven days from the filing of a motion for summary judgment to the date of the hearing on the motion could not be construed as "short notice" and no abuse of the court's discretion is shown in denying the motion. See California Apparel Creators v. Wieder of California, 2 Cir., 1947, 162 F.2d 893, 174 A.L.R. 481. See also the author's comment on F.R.C.P. 1.36(f) in 30 F.S.A. (1956) p. 740, which is as follows:
"To be entitled to protection, the party must show by affidavit good grounds why he has been unable to present his proof; the affidavit should show what the proof is and what steps have been taken to obtain it." [Emphasis added.]
The only defense to the plaintiff's motion for summary judgment submitted by the defendant was a contention that all of the pesos had not been deposited in the bank, in compliance with the certificates sued upon. However, the plaintiff had tendered the necessary pesos to the court, keeping this tender open, and the mere fact they were not deposited in the bank will not be allowed to defeat this action. See Fla.Jur., Tender, §§ 10 and 11; and 52 Am.Jur., Tender, §§ 28, 30 and 34. There was no question of fact to be decided, and the trial court did not err in entering a final summary judgment on behalf of the plaintiff.
While the defendant contends the trial court erred in striking his defensive motions, this could constitute no more than harmless error when the summary final judgment was properly entered. See Tripp v. Wade, 82 Fla. 325, 89 So. 870; 2 Fla. Jur., Appeals, §§ 359 and 360.
For the reasons stated above, the judgment of the trial court is hereby affirmed.
Affirmed.