141 So.2d 309 (1962)
John P. McNUTT, as Administrator Ad Litem of the Estate of Morris Margolis, Deceased, Appellant,
v.
Allen E. SHERRILL, Appellee.
No. 61-561.
District Court of Appeal of Florida, Third District.
May 22, 1962.
Albert M. Lehrman, Miami, for appellant.
R.E. Kunkel, Miami, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This is an appeal by the defendant below from an adverse summary judgment. The plaintiff, who was executor of the estate of *310 Morris Margolis, sued the estate in his personal capacity to recover on a promissory note made to him by the decedent. His conflict of interest prompted appointment of an administrator ad litem as provided for by § 732.55, Fla. Stat., F.S.A.
The action was commenced on April 24, 1961. The administrator ad litem answered disclaiming knowledge of the matters alleged and demanding strict proof. Defendant then noticed plaintiff to take the latter's deposition. On May 26, after such notice but before his deposition was taken, the plaintiff moved for summary judgment and noticed it to be heard June 29.[1]
On June 1, plaintiff's deposition was taken. In it certain checks were referred to as evidence of disbursements claimed by plaintiff to have been made in part for the benefit of the decedent and which plaintiff testified represented the consideration for which the note was issued. Defendant requested that the checks be produced for inspection, and the plaintiff made them available to defendant on or about June 13.
On June 26, three days prior to the hearing on plaintiff's motion for summary judgment, the administrator ad litem, himself a lawyer, applied to the probate court and obtained appointment of an attorney to represent him. On June 29, when plaintiff's motion for summary judgment came on for hearing, defendant and his attorney appeared and sought leave to amend the answer to add the defense of lack of consideration, and also sought a continuance as contemplated in rule 1.36(f), F.R.C.P. 30 F.S.A.[2] The motion for continuance was accompanied by an affidavit which recited the fact that the defendant's attorney had been appointed only three days earlier, that defendant's only information regarding the matter was that gained from plaintiff's deposition and that sufficient time had not been allowed for them to examine the checks and other information requested. Without expressly ruling on defendant's motions, the trial court proceeded with the hearing and entered summary judgment for the plaintiff.
Appellant contends there was a triable issue regarding consideration, and that the trial court was in error in denying the request to amend the answer and in refusing to continue the hearing. Regarding the motion to amend the answer, it was within the discretion of the trial judge to deny such motion which was not made until the time of the hearing on the motion for summary judgment (Cook v. Navy Point, Inc., Fla. 1956, 88 So.2d 532), and under the circumstances shown the discretion was not abused. Both parties had the benefit of the deposition of the plaintiff which was before the trial judge at the hearing, and the portions of it relied on by defendant were read to the court by his counsel. We have carefully examined the record including that deposition, and we conclude, as did the learned trial judge, giving due effect to the proposed defense of lack of consideration, no genuine issue of any material fact was shown and plaintiff was entitled to judgment as a matter of law.
The appellant argues further that it was error to refuse to grant the request for continuance. Generally, in order to be entitled to a continuance under rule 1.36(f) the party opposing the motion for summary judgment should show by affidavit existence *311 and availability of additional evidentiary matter, what it is and its materiality, what steps have been taken to obtain it and that failure to have obtained such evidence sooner did not result from inexcusable delay. See e.g. Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1959, 108 So.2d 641. See also, 6 Moore, Federal Practice (2d ed. 1953) par. 56.24; and the author's comment to rule 1.36(f), 30 F.S.A. (1956) 740. Here, there was more than a month's notice of the hearing on the motion for summary judgment. The plaintiff's deposition was taken 28 days before such hearing, and the documents, for study of which the continuation was requested, were available to the defendant 16 days prior to such hearing. The defendant's affidavit indicated no other source of information. Under such circumstances, the trial judge did not abuse his discretion in denying the continuance. See Banco Nacional De Cuba v. Steckel, Fla.App. 1961, 134 So.2d 23; MacKay v. American Potash and Chemical Co., Inc., 9 Cir.1959, 268 F.2d 512, 516-517; California Apparel Creators v. Wieder of California, 2 Cir.1947, 162 F.2d 893, 901, 174 A.L.R. 481; Lata v. New England Mutual Life Insurance Co., S.D.N.Y. 1946, 68 F. Supp. 542, 545.
Appellant relies on the case of Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., supra, where it was held to be an abuse of discretion to deny a continuance requested at a hearing on a motion for summary judgment, and appellant argues that because the instant case was an action by one with knowledge of the matter, against an appointed representative handicapped by lack of knowledge, the continuance should have been granted, citing Maloney v. McBride's, Inc., Fla. 1950, 44 So.2d 296. The cited cases are not controlling here. The Maloney case deals with a different situation, and the Gaymon case is clearly distinguishable from the case at bar. In Gaymon, there were out of state witnesses not yet deposed, who could be expected to furnish certain evidentiary matter useful in opposition to the motion for summary judgment. Here the information for study of which the continuation was asked was known or had been made available a substantial time prior to the hearing date.
Accordingly, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] The motion was supported by an affidavit restating the facts alleged in the complaint and incorporating a certified copy of the will (where the plaintiff was referred to as the holder of decedent's note), the order admitting the will to probate, and the original of the note which is the basis of the action.
[2] "(f) Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or decree or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."