144 So.2d 338 (1962)
CIA. ECUATORIANA DE AVIACION, C.A., an Ecuadorian Corporation, Appellant,
v.
U.S. AND OVERSEAS CORP., a Panama Corporation, Appellee.
No. 62-73.
District Court of Appeal of Florida. Third District.
September 11, 1962.
Douglas D. Batchelor, Miami, for appellant.
Worley, Gautier & Dawes and Lynn F. Lummus, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellant, Cia. Ecuatoriana de Aviacion, C.A. (hereafter referred to as Equatoriana) was defendant below and appeals *339 a summary final judgment for the plaintiff, U.S. and Overseas Corp., a Panamanian corporation (hereafter referred to as Overseas). Two points are presented for our consideration. We affirm on each point.
One point urges that there was a genuine issue of material fact upon the pleadings, depositions, admissions on file and affidavits presented. We have reviewed the record and hold that such an issue was not made to appear. Carver City Homes, Inc. v. Edwards Sash, Door & Lumber Co., Fla. 1952, 59 So.2d 742.
The other point urges error because the trial judge denied defendant's motion to postpone the hearing on plaintiff's motion for summary judgment. This point requires a consideration of the posture of the case at the time of the entry of the summary judgment.
Soon after service of the summons and complaint upon it, Ecuatoriana noticed Overseas for the taking of the deposition of Overseas' president, Alfaro. Equatoriana also noticed the deposition of a witness, Grayson, who was an officer of Eastern Air Lines. Eastern was plaintiff-Overseas' assignor. Because of inconvenience to Alfaro, a resident of Panama, and to Grayson, the depositions were postponed by agreement of counsel to a future time not designated but to be agreed upon by the parties. It was also agreed that the time for defendant, Equatoriana, to answer was postponed until after the taking of the depositions. No stipulation was filed. [See Rule 1.5(d), Florida Rules of Civil Procedure, 30 F.S.A. which provides that such agreements shall be in writing.]
Subsequently, Grayson's deposition was taken and thereafter Ecuatoriana filed its answer. Plaintiff then moved for a summary judgment. Upon receiving the plaintiff's motion and notice of hearing thereon, the defendant moved "to postpone hearing". This motion to postpone the hearing on the summary judgment set forth (1) that defendant had previously noticed Alfaro for deposition, and (2) the agreement that another time would be designated by the parties for taking the deposition. As ground for the motion it was alleged that "* * * the defendant has not yet been advised by the plaintiff of a convenient date for the taking of the deposition of Mr. Alfaro; and that the defendant desires to take such deposition for the purpose of eliciting facts which it believes will be pertinent in the determination of the issues presented in this case." The deposition was not again noticed, the motion was unverified, and no affidavit supporting the motion to postpone was filed. See McNutt v. Sherrill, Fla.App. 1962, 141 So.2d 309, 310-311.
Paragraph (f) of Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A., provides as follows:
"When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or decree or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Upon the record before the trial judge he was not required to grant the motion to postpone. The appellant failed to bring itself within the rule and therefore relied upon the discretion of the court. Because a great deal of time had elapsed since the filing of the suit and diligence of the party seeking the postponement was not demonstrated, we cannot say that the trial judge abused his discretion in the matter.
In Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1959, 108 So.2d 641, the District Court of Appeal, First District, reached a contrary decision because the party defending upon the motion for summary judgment had made an affidavit under the rule and had displayed great diligence in attempting to prepare its defense to the *340 motion. We believe that the factors mentioned distinquish the cases.
The fundamental purpose of the summary judgment procedure is to expedite litigation. It is an integral part of the judicial system of this State. In order to effect its salutary purpose, discovery must be expeditiously undertaken, and hearings regularly noticed need not be delayed except for good cause shown.
Affirmed.