BARKDULL, Judge.
The appellant, plaintiff in the trial court, by this appeal seeks review of a summary final judgment rendered by the Honorable J. Fritz Gordon, Circuit Judge, wherein the following is found:
“1. That there is no showing of any negligence on the Defendant which proximately caused the accident. There is a showing that at all times *347 •material, the Defendant was driving her automobile prudently (20-25 miles per hour), on a clear, dry day and that as the Defendant was attempting to pass the Plaintiff on the left, and when approximately ten (10) yards from the •bicycle, the Plaintiff suddenly and •without warning, cut directly into the Defendant’s path. The witnesses, Nancy Post, Walter Gary and Martha 'Gary, only known ‘eye witnesses’ all testified on deposition that the Plaintiff was bicycling along normally when he ■suddenly and without warning cut into the path of the Defendant’s automobile. It is the view of this Court, taking all of the evidence in the light most favorable to the Plaintiffs that the Defendant acted as a reasonable, prudent person would have acted under the circumstances; that the Defendant was not aware of any peril to the Plaintiff nor would any prudent person have been until the Plaintiff suddenly cut his bicycle into the path of the Defendant’s automobile and that instantly and simultaneously therewith the Defendant took ‘the only instinctly evasive action that appears reasonable under the circumstances’ by cutting her steering wheel to the left and applying her brakes. Quote is from Hormovitis v. Mutual Lumber Co., Fla. App., 120 So.2d 42, at page 46. No facts exist upon which any negligence of the Defendant can be predicated. See Baro v. Wilson, Fla.App., 134 So. 2d 843 (D.C.A.3rd 1961).
“2. The Plaintiff, as a matter of law, is guilty of negligence proximately causing the accident. The Plaintiff’s deposition shows that prior to the accident the Plaintiff was riding his bicycle in an easterly direction on Ponce de Leon Boulevard and was riding approximately one to one and one-half yards north of the south curb line (page 35). On pages 24 and 25 he states that prior to the time that the accident occurred, and prior to the time that he turned his bicycle to the left, he was aware of vehicular traffic behind him and going in the same direction that he was going. He stated, however, that just before he turned to his left he did not know where this vehicular traffic was. T knew it was there but I didn’t know where it was.’ The Plaintiff further stated that he never saw the Defendant’s automobile until he heard the squeal of her tires (pages 26 and 27), although he stated that just before he began his left turn, he turned his body and looked behind him for traffic (pages 31 and 32).
“The doctrine of last clear chance does not apply in this case as contended by counsel for the Plaintiffs and in this regard the Court relies, in part, upon the decisions of Hormovitis v. Mutual Lumber Co., 120 So.2d 42, and Baro v. Wilson, 134 So.2d 843 (D.C.A. 3rd 1961).”
We have examined this record in its entirety and have resolved all conflicts in favor of the party moved against and have given him the benefit of all inferences [all of which we are required to do in reviewing an order granting a motion for summary judgment]. See: Pritchard v. Peppercorn and Peppercorn, Inc., Fla.1957, 96 So.2d 769; White v. Godwin, Fla.App. 1960, 124 So.2d 525. It appears from this record on appeal that the final summary judgment rendered by the trial court was correct in all particulars, and in particular that portion wherein he found that the sole proximate cause of the accident was the plaintiff’s own negligence; that the defendant was not guilty of any negligence and was not possessed of any opportunity to reasonably prevent the accident after the plaintiff himself had commenced a course of conduct which resulted in the injury.
Therefore, the summary final judgment be and the same is hereby affirmed.
Affirmed.