PER CURIAM.
The appellants, plaintiffs in the trial court, seek review of an adverse summary final judgment in a personal injury action. Necessarily, in determining the propriety of the entry of the summary final judgment, all reasonable inferences are to be drawn in favor of the party moved against. See: Smith v. Musso, Fla.App. *33 1963, 151 So.2d 475; Michalski v. Peaslee, Fla.App.1965, 174 So.2d 427.
From the record on appeal, it appears that the defendant was traveling south on 31st Road in Broward County, when she approached an intersection [an alleyway which crossed the road at right angles]. The minor plaintiff was riding his bicycle on this alleyway, west of 31st Road, proceeding east. It was raining considerably and an accident occurred when the minor plaintiff’s bicycle collided with the right side of the defendant’s automobile. Following an answer denying negligence on the part of the defendant and urging contributory negligence, the defendant moved for a summary judgment which, following hearing was denied. At the time of the denial of this motion, there was an affidavit on file by Officer Hagen that the point of impact was approximately eight feet south of the south curb of the alley intersecting North 31st Road, on the edge of 31st Road.
Subsequently, following the taking of a deposition of the investigating officer, Hagen, [whose affidavit had first been introduced at the hearing on the motion for summary judgment] the defendant again moved for a summary judgment, after which hearing the summary final judgment here under review was entered. We find no error and affirm. At the time the oral deposition of Hagen was taken, he clearly indicated that notwithstanding his statement in his affidavit, he was unable to establish the point of impact.[1] The trial court had a right to consider successive motions for summary judgment, provided additional affidavits, depositions or other form of evidence was relied on, and we find no error because of the original denial of the motion.
Viewing the record before the trial court most favorably to the plaintiff, we fail to find negligence on the part of the defendant and, therefore, find the smmary judgment to have been correctly entered by the trial court. See: Griffis v. DuBow, Fla.App. 1959, 114 So.2d 207; Harper v. Mangel, Fla.App.1963, 151 So.2d 346; Lake v. Stiegler, Fla.App.1963, 156 So.2d 785.
The appellants also urge error in the failure of the trial court to grant them additional time to locate and depose another investigating officer. The court’s ruling on this motion clearly indicates that same came too late, as the following is found in the summary final judgment:
******
“ * * * Thereafter, the counsel for the plaintiffs orally moved for a continuance of the hearing until the deposition of an Officer Masterson whom he represented as one of the investigating police officers (the other being Officer John Hagen whose deposition was taken by the plaintiffs) could be found and deposed, but the Court felt such oral motion was not timely and that counsel chose to first await the Court’s ruling before making such oral motion, therefore, such motion is hereby denied, * * * ”
******
We find that the trial judge was eminently correct in denying this motion for continuance, upon the authority of Banco Nacional de Cuba v. Steckel, Fla.App.1961, 134 So.2d 23; McNutt v. Sherrill, Fla.App. 1962, 141 So.2d 309; Cia. Ecuatoriana de Aviacion v. United States & Overseas Corp., *34 Fla.App.1962, 144 So.2d 338; Raydel, Ltd. v. Medcalfe, Fla.App.1964, 162 So.2d 910.
Therefore, for the reasons stated above the summary final judgment here under review is hereby affirmed.
Affirmed.

. * * * * * *
“Q Did you find any debris or anything that would indicate to you where the point of impact was?
“A It was hind of hard to establish the point approximately, for the simple reason it was really pouring rain.
“Q Then you were not able to determine a point or—determine any debris or anything which would indicate where the actual impact took place in this area?
“A No; we just got an approximate area.
“Q Was it raining at the time that you were there?
“A Yes, sir.”
*****