442 So.2d 269 (1983)
Carol J. WILLIAMS, et Vir, Appellants,
v.
H. Wyatt McNEIL, Appellee.
No. AR-251.
District Court of Appeal of Florida, First District.
November 18, 1983.
Rehearing Denied December 15, 1983.
*270 Joseph S. Farley, Jr., of Mahon, Mahon & Farley, Jacksonville, for appellants.
Mattox S. Hair and William M. Corley, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
WENTWORTH, Judge.
This is an appeal from a final summary judgment entered in favor of the defendant in a medical malpractice suit. We reverse.
On August 9, 1982, appellant filed a complaint alleging (1) that appellee had negligently severed her ureter during surgery for an ovarian cyst, (2) that the standard of care he provided was below the standard exercised by other physicians in the community, and (3) that appellant suffered additional expenses due to corrective surgery, and mental anguish and loss of wages due to appellee's negligence. Appellee's answer admitted only that he had performed surgery on appellant for an ovarian cyst and denied the other allegations.
On December 20, 1982, appellee filed a motion for summary judgment accompanied by his own affidavit. While the affidavit described the doctor's diagnosis and care of appellant in more detail than that found in the pleadings, it neither admitted nor denied that appellant's ureter had been severed during the operation for the ovarian cyst and omitted any reference to appellant's alleged necessity for corrective surgery. A hearing on the motion was held on January 14, 1983. At that time, appellant filed a motion for continuance on the grounds that further time for discovery was needed for obtaining an expert witness. The motion also pointed out that appellant had testified in her deposition that appellee had told her that her ureter had been clipped during the surgery.
The trial court denied the motion for continuance and entered the summary final judgment, finding no genuine issue of material fact and relying on Thomas v. Berrios, 348 So.2d 905 (Fla. 2d DCA 1977); Sims v. Helms, 345 So.2d 721 (Fla. 1977); Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978); and Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). We find that the cases relied on by the trial court are distinguishable and that this case is controlled by Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
In Berrios, the second district was reviewing a summary judgment in favor of the doctor in a case involving facts strikingly similar to this one: The plaintiff's ureter had been damaged during a hysterectomy. The court found that the summary judgment was proper because the plaintiff had failed to produce expert testimony supporting her claim of negligent surgery and such testimony is required in order to prove negligent medical treatment in that context. Similarly, the court in Sims held that:
Negligence cannot be inferred from the fact that the surgery was unsuccessful or terminated in unfortunate results.
Id. at 723. Thus, it is established that in order to prevail on a claim of negligent medical treatment, a plaintiff will generally be required to present expert testimony that the care provided by the defendant *271 was below the standard provided by other experts in the community.
Berrios and Sims, however, do not alter the movant's burden in a summary judgment proceeding, and there are two important facts which distinguish this case from Sims and Berrios. The first is the insufficiency of the evidence supporting the motion for summary judgment in this case to shift to appellant the burden of demonstrating the existence of an issue of material fact. Cf. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). As in Holl, supra, appellee's affidavit merely denied the charges in the complaint and stated that what was done by appellee was in accord with accepted practice and standards in the community. Holl held that such an affidavit was insufficient to show the nonexistence of material fact in issue. Sims and Berrios are distinguishable because there the movants produced depositions and affidavits of others in the medical field which established that the plaintiffs' injuries were among the ordinary risks involved in the surgery.
Appellee's further position is that the plaintiff's failure to produce an expert witness by the time of the hearing on his motion for summary judgment conclusively showed that she was unable to do so, and thus under the Holl standard he met his burden. Appellee again relies on Sims and Berrios, which held that summary judgment was proper because the record conclusively showed that the plaintiffs were unable to produce experts. Again, however, those two cases are distinguishable from the one at hand. In Sims it was undisputed that the plaintiff was unable to produce an expert who would testify that the defendant was negligent. In Berrios the defendant's motion for summary judgment was filed on July 10, 1975, and, due to plaintiff's requested continuance, was not heard until May of 1976. Thus, it was reasonable for the court to find plaintiff had ample time within which to produce an expert and to conclude that she would be unable to do so.
In this case, on the other hand, the hearing on the motion for summary judgment was held approximately three weeks after it was filed, and during that three weeks the Christmas and New Year holidays intervened. While the trial judge may have had proper reasons for denying the motion for continuance, at that point appellee clearly had not, on the record before us, shown that appellant would be unable to produce an expert witness. The motion for summary judgment should not, accordingly, have been granted.
The final summary judgment is reversed, and the cause remanded for further proceedings.
LARRY G. SMITH, J., concurs.
JOANOS, J., dissents with opinion.
JOANOS, Judge, dissenting.
The summary judgment appealed from should be affirmed upon the authority of Thomas v. Berrios, 348 So.2d 905 (Fla. 2d DCA 1977) and Sims v. Helms, 345 So.2d 721 (Fla. 1977).