498 So.2d 673 (1986)
Darius DeMESME, Appellant,
v.
Sam E. STEPHENSON, Jr., M.D., Appellee.
No. BL-290.
District Court of Appeal of Florida, First District.
December 12, 1986.
*674 Joseph S. Farley, Jr. of Mahon & Farley, P.A., Jacksonville, for appellant.
Jack W. Shaw, Jr. and Mary Bland Love of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
MILLS, Judge.
This is an appeal from an order of summary judgment entered in favor of Dr. Stephenson, the defendant below. DeMesme contends error in the entry of the judgement. We affirm.
This case arose from a complaint filed by DeMesme on 13 December 1984 alleging medical malpractice by Dr. Stephenson. Specifically, the complaint alleged the doctor failed to diagnose acute appendicitis in DeMesme, although he displayed the classic symptoms, and as a direct result, DeMesme's appendix ruptured resulting in major surgery and the removal of part of his bowel. Dr. Stephenson denied the allegation by answer on 28 December 1984.
Thereafter, Dr. Stephenson initiated discovery by obtaining medical records, serving interrogatories, and deposing Dr. William Garoni. Dr. Garoni had performed surgery on DeMesme thirteen days after he was seen by Dr. Stephenson. There was no discovery attempt made by DeMesme until 6 January 1986, at which time notice of deposition of Dr. Brett Cantrell was filed.
On 9 December 1985, Dr. Stephenson filed a motion for summary judgment, noticing it for hearing on 3 January 1986. On 30 December, DeMesme filed a motion for continuance of the hearing for summary judgment. The motion for continuance recited that DeMesme had been unable to obtain an affidavit "from the expert retained by the plaintiff" and needed more time to do so. DeMesme's motion also stated that the unnamed expert's written opinion that "plaintiff received medical care below the standard acceptable" was attached to the motion. However, it was not attached. Nor was there attached the "pathology report of Brett B. Cantrell, M.D." as stated in the motion. These two documents were subsequently filed after the hearing was held, attached to a document captioned Addendum to Motion for Continuance.
On 3 January 1986, the summary judgment hearing was conducted; however, counsel for DeMesme did not appear nor were there any affidavits filed in opposition to the motion. At the hearing, the trial court considered the deposition of Dr. Garoni, offered by Dr. Stephenson. Dr. Garoni testified he first saw DeMesme seven days after he had been examined by Dr. Stephenson. DeMesme was not critically ill at the time and no emergency operation was required. Six days later Dr. Garoni performed an exploratory laparotomy on DeMesme, discovering that the plaintiff had an inflamed cecum and ileocecal valve area, necessitating removal of a portion of the colon and small bowel.
Dr. Garoni opined that DeMesme did not have a classic case of appendicitis and that he believed the plaintiff's condition to be Crohn's disease or lymphogranuloma venerem. Dr. Garoni was also specifically asked whether any of the medical problems DeMesme had encountered could be related, within a reasonable degree of medical probability, to any delay or anything that Dr. Stephenson might have failed to do, he stated there was no relationship whatsoever.
*675 At the conclusion of the hearing, the trial court granted the motion for summary judgment and denied the motion for a continuance. On 13 January 1986, DeMesme filed a petition for rehearing citing the trial court's failure to consider Williams v. McNeil, infra.
A hearing was held on DeMesme's motion on 22 January 1986, at which time he urged the court to consider the documents which had been purportedly attached to his motion for continuance, but were not actually filed until 17 January. However, the trial court declined to consider them as they were not sworn to in violation of Fla. R.Civ.P. 1.510. One document was a letter addressed "To Whom It May Concern" and the other was a laboratory report which did not identify the name of the person examined. At this time, DeMesme had still not acquired an affidavit from his expert witness. On 31 January, the trial court denied the petition for rehearing in a lengthy order. This timely appeal then ensued.
A. The trial court did not err in granting summary judgment.
The initial burden, in summary judgment proceedings, is upon the movant. When he tenders evidence sufficient to support his motion, then the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. The movant, however, does not initially carry the burden of exhausting the evidence pro and con, or even examining all of his opponent's witnesses. To fulfill his burden, the movant must offer sufficient admissible evidence to support his claim of the nonexistence of a genuine issue. If he fails to do this his motion is lost. If he succeeds, then the opposing party must demonstrate the existence of such an issue either by countervailing facts or justifiable inferences from the facts presented. If he fails in this, he must suffer a summary judgment against him. See, Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965).
Here, Dr. Stephenson offered sufficient admissible evidence to support his claim of the nonexistence of a genuine issue, to wit: the deposition testimony given by Dr. Garoni established that (1) Dr. Stephenson was not negligent in failing to diagnose an acute appendicitis, and (2) DeMesme's surgery, performed subsequent to the examination by Dr. Stephenson, was not the result of any failure on the part of Dr. Stephenson to remove DeMesme's appendix at the time of his examination. See, Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Dr. Stephenson was not required, as the appellant seems to contend, to exclude every inference possible from other evidence that may have been available. Page v. Staley, 226 So.2d 129 (Fla. 4th DCA 1969).
Moreover, DeMesme failed to demonstrate the existence of an issue by coming forward with countervailing facts. The trial court was not required to look at the documents submitted by DeMesme because (1) they were not timely filed in accordance with Fla.R.Civ.P. 1.510(c). Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla.2d DCa 1986); (2) they were not in the form of affidavits in violation of Rule 1.510(e); and (3) the documents did not specifically allege they were based on personal knowledge and in no way established that the persons speaking therein were competent to testify to the matters stated. Rule 1.510(e); Landers v. Milton, 370 So.2d 368 (Fla. 1979). Accordingly, the trial court had no choice but to enter a summary judgment in favor of Dr. Stephenson.
DeMesme's strong reliance on Williams v. McNeil, 442 So.2d 269 (Fla. 1st DCA 1983), is misplaced as that case is clearly distinguishable from the one at bar. In Williams, the deposition attached to the motion for summary judgment was that of the defendant, a doctor, and it neither admitted nor denied the plaintiff's charge of negligence. Rather, it merely described the defendant doctor's diagnosis and care of the plaintiff in more detail than that found in the pleadings. On appeal, this court found the deposition was insufficient to show the nonexistence of a material fact in issue; contrasting the case of Sims v. Helms, 345 So.2d 721 (Fla. 1977), wherein *676 the movant produced depositions of others in the medical field which established the plaintiff's injuries were among the ordinary risks involved in surgery. The present case is more in line with Sims than Williams.
B. The trial court did not err in denying DeMesme's motion for continuance.
In order to be entitled to a continuance under Fla.R.Civ.P. 1.510(f) the party opposing the motion for summary judgment should show by affidavit the existence and availability of additional evidentiary matter, what it is and its materiality, what steps have been taken to obtain it, and that failure to have obtained such evidence sooner did not result from inexcusable delay. McNutt v. Sherrill, 141 So.2d 309 (Fla.3d DCA 1962). Accord, CIA Ecuatoriana De Aviacion v. U.S. and Overseas Corp., 144 So.2d 338 (Fla.3d DCA 1962).
Here, the motion for continuance was unverified, no affidavit supporting the motion was filed, and the requirements listed above were not met. Clearly, DeMesme failed to bring himself within Rule 1.510(f) and therefore had to rely upon the discretion of the trial court. 144 So.2d at 339. Considering that more than one year had elapsed from the time of the filing of the instant suit and the time of the filing of the motion for continuance, and DeMesme had not only failed to take the deposition of his expert witness but had conducted virtually no discovery at all, we do not believe it can be said the trial court abused its discretion in this matter. See, Southern California Funding v. Hutto, 438 So.2d 426 (Fla. 1st DCA 1983).
Affirmed.
SHIVERS and JOANOS, JJ., concur.