98 So.2d 484 (1957)
J.M. MONTGOMERY ROOFING CO., Inc. a Florida corporation, Appellant,
v.
FRED HOWLAND, Inc., a Florida corporation, Appellee.
Supreme Court of Florida.
November 22, 1957.
*485 Edward L. Semple and Padgett & Teasley, Miami, for appellant.
John C. Sullivan and Benjamin E. Carey, Miami, for appellee.
ROBERTS, Justice.
This is an appeal by plaintiff from a summary judgment entered in favor of defendant in a suit filed by plaintiff, a subcontractor, to recover the balance allegedly due under a contract with defendant, a general contractor. The general contract, Contract SW-16-A, covered the construction of a water treatment plant by the defendant, as general contractor, for the City of Miami. Under its subcontract the plaintiff agreed to supply the labor and materials to complete the roofing, sheet metal work, and "all ventilation, Section A-13, in strict accordance with the plans and specifications for the Southwest Water Supply System, Contract SW-16-A," for a total contract price of $27,890. The plaintiff's subcontract provided that "if any work and materials to be furnished by you [plaintiff] are omitted by said owner or by us, you shall give to us a proper credit therefor on your aforesaid compensation."
In its answer, the defendant alleged that a portion of the ventilation work called for by the plaintiff's subcontract and by the plans and specifications under the general contract had not been furnished by plaintiff and that the defendant "caused the aforesaid ducts or hoods, being a part of the ventilation system of the pump house, to be furnished and installed by Metallic Engineering Company at a cost to the defendant of $6,075.00," for which it claimed credit against the total contract price under the provision of the contract quoted above.
Both parties moved for summary judgment with supporting affidavits and depositions. The plaintiff filed depositions of the officials who negotiated and executed the plaintiff's subcontract on behalf of the plaintiff and the defendant. These depositions revealed that the hoods and ducts mentioned in the defendant's answer were not intended by them to be supplied by plaintiff as a part of the ventilation work subcontracted by it and were not contemplated by the subcontract. The affidavits, depositions and exhibits filed by plaintiff also showed that, on the day following the execution of plaintiff's subcontract, the subcontract with Metallic Engineering Company, under which it supplied to defendant the hoods and ducts in question, was executed on behalf of defendant by the same official who signed the defendant's subcontract with plaintiff. The defendant's supporting affidavits and depositions showed that the ducts and hoods in question were specified as a part of the ventilation system, Section A-13, under the defendant's general contract.
Stating that he had read the affidavits, depositions and exhibits, the trial judge nevertheless found as follows: "As the specifications in A-13 are so clear that the duct work or hood work in dispute was to be done by Montgomery [plaintiff] but was done by Metallic, there can be no doubt that the contract is not ambiguous and should be construed in that light." The defendant interprets the trial judge's summary judgment in its favor as a ruling that the subcontract was clear and unambiguous and that parol evidence was inadmissible to vary its terms and provisions. So the sole issue here is whether, in the circumstances shown by this record, the trial judge erred in so ruling.
No extended discussion need be had as to the parol evidence rule in its application to written contracts. As generally stated, it is that "the terms of a valid written contract or instrument cannot be varied by a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question. * * * The rule inhibits the *486 use of parol evidence to contradict, vary, defeat, or modify a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction." 13 Fla.Jur., Sec. 383, pp. 380-381.
Here, the plaintiff's subcontract was, on its face, unambiguous; yet, almost simultaneously with its execution, the same official executed on behalf of defendant another contract of the same dignity, covering a portion of the exact work called for by the plaintiff's contract. Both contracts were part and parcel of the same general transaction, that is, the defendant's general contract job. While the situation does not fall strictly within the rule that where an agreement is evidenced by two or more writings, the writings must be construed together, it has been said that "This rule is not necessarily confined to instruments executed at the same time by the same parties for the same purpose; instruments entered into on different days, but concerning the same subject matter, may under some circumstances be regarded as one contract and interpreted together." 7 Fla.Jur., Contracts, Sec. 78, p. 144. At the very least, the existence of the other contract of the same dignity, executed almost simultaneously with that of the plaintiff by the same official of the defendant, served to cast some doubt upon the meaning of the "ventilation" provision of the plaintiff's contract and to render ambiguous a contract that otherwise would not have been so; and we think that, in these circumstances, parol evidence may properly be admitted to clarify the matter and show the true intention of the parties. Cf. St. Lucie County Bank & Trust Co. v. Aylin 1927, 94 Fla. 528, 114 So. 438.
Accordingly, the summary judgment here reviewed is reversed and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
Reversed and remanded.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.