ANDREWS, Judge.
This is an appeal by the defendant, Bond-Howell Lumber Company, from a summary final decree in favor of plaintiff, First National Bank of Eau Gallie.
On November 10, 1964, plaintiff took a note and mortgage from J & T Builders, Inc. The mortgage was recorded the same day. On November 9, 1964, defendant obtained a judgment against J & T Builders. This judgment was recorded in the Court Minute Book but was not recorded in the Official Records until July 14, 1965.
Plaintiff brought suit to foreclose its mortgage against J & T Builders, Inc., naming Bond-Howell Lumber Company and others as codefendants. The trial court granted plaintiff’s motion for summary final decree of foreclosure.
On appeal defendant urges that the priority of liens was a material issue of fact and that plaintiff did not demonstrate the absence of this triable issue. We cannot agree.
In support of its motion for summary decree plaintiff showed that its mortgage was executed and recorded November 10, 1964, securing future advances in accordance with the provisions of F.S.A. § 697.04, and that defendant’s judgment of November 9, 1964, was not recorded until July 14, 1965. Plaintiff thus demonstrated an absence of issues of fact. Defendant did not rebut this showing. This is in accordance with the rule enunciated in Holl v. Talcott, Fla.1966, 191 So.2d 40.
The priority of liens was a question of law based on an undisputed factual setting. F.S.A. § 55.10 provides that no judgment shall become a lien until recorded *556 in the judgment lien record. Defendant’^ judgment, therefore, did not become a lien until July 14, 1965, and attached subordinate to plaintiff’s previously recorded mortgage.
Affirmed.
WALDEN, C. J., and GONZALEZ, JOSE A., JR., Associate Judge, concur.