334 So.2d 103 (1976)
Felix HOWARD and Ana Marie Howard, Appellants,
v.
Richard SHIRMER, Jr., Etc., et al., Appellees.
No. 75-930.
District Court of Appeal of Florida, Third District.
June 2, 1976.
*104 Horton, Perse & Ginsberg, Miami, for appellants.
Joel R. Teague, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiffs appeal a summary final judgment as to The Miami Herald Publishing Company, one of several defendants in this negligence action.
Plaintiff Felix Howard was injured when the truck beneath which he was working was hit by a van driven by defendant Richard Shirmer. Howard and his wife sued Shirmer and through discovery learned he was a newsdealer for the Miami Herald. Thereupon, plaintiffs filed an amended complaint adding the Herald as an additional party defendant on the allegation that Shirmer was its employee. The Herald answered alleging that Shirmer was an independent contractor. Shirmer's deposition also reflects that he considered himself to be self-employed. Subsequently, the Herald filed a motion for summary judgment and attached supporting affidavits together with the Independent Newsdealer's Contract entered into with Shirmer. The trial court granted summary final judgment in favor of the Herald based upon the finding that on the date of the accident Shirmer was an independent contractor. Thereafter, the Howards filed a motion for rehearing and a motion for leave to take additional testimony of Mr. Kitson, the person at the Miami Herald who allegedly has the decision making powers concerning such matters as the termination of a newsdealer's contract. The motion was denied. We affirm.
With regard to plaintiffs' contention that the court erred in denying their motion for leave to take additional testimony, the plaintiffs had ample opportunity to depose Mr. Kitson before the hearing on the Herald's motion for summary judgment. Further, if they believed that they did not have adequate time to take Mr. Kitson's deposition, then they should have moved for a continuance pursuant to RCP 1.510(f) to afford them the additional time needed. Plaintiffs have failed to pursue the proper procedural options open to them. Cf. McNutt v. Sherrill, Fla.App. 1962, 141 So.2d 309; CIA. Ecuatoriana De Aviacion v. U.S. & Overseas Corp., Fla.App. 1962, 144 So.2d 338.
We find no merit in plaintiffs' argument that the court erred in its entry of summary judgment for the Miami Herald. See Miami Herald Publishing Company v. Kendall, Fla. 1956, 88 So.2d 276 and Cf. Peairs v. Florida Publishing Company, Fla.App. 1961, 132 So.2d 561.
Affirmed.