438 So.2d 911 (1983)
MARCO SURFSIDE, INC., Appellant,
v.
Alberto VELEZ and Mady Velez, Appellees.
No. 83-516.
District Court of Appeal of Florida, Third District.
September 27, 1983.
Rehearing Denied November 2, 1983.
*912 George L. Hayes, III and Joseph Mancilla, Jr., Miami, for appellant.
McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria and George Volsky, Miami, for appellees.
Before HENDRY, HUBBART and JORGENSON, JJ.
PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings upon a holding that: (a) the trial court abused its discretion in failing to grant a rehearing in this cause and accept a late-filed affidavit when defendant/appellant's counsel failed to attend the summary judgment hearing and timely file the subject affidavit due to an excusable error by counsel in noting on his calendar the date of the summary judgment hearing herein, see Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA), cert. denied, 194 So.2d 619 (Fla. 1966), and (b) the late-filed affidavit defeats the plaintiff/appellee's entitlement to a summary judgment in this cause because it creates a genuine issue of material fact as to whether the plaintiff/appellant was furnished the required property report herein prior to signing the contract between the parties. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Law v. Royal Palm Beach Colony, Inc., 578 F.2d 98 (5th Cir.1978); 15 U.S.C. § 1701 et seq. (1974 & Supp. 1978); Ch. 718, Fla. Stat. (1981).
Reversed and remanded.