528 So.2d 962 (1988)
Stan CUSHMAN, Appellant,
v.
Shirley G. SMITH, Gertrude C. Crossley and Beulah Tyler, Appellees.
No. 87-1111.
District Court of Appeal of Florida, First District.
July 19, 1988.
*963 John E. Norris, of Norris & Coberlein, P.A., Lake City, for appellant.
Marlin M. Feagle, Lake City, for Shirley G. Smith and Gertrude C. Crossley, appellees.
Lawrence R. Rausch, Jacksonville, for Beulah Tyler, appellee.
MILLS, Judge.
Stan Cushman appeals from an order of the trial court on appellees' petition for declaratory judgment, finding that the contract between the parties for the sale of certain real estate was unenforceable. We reverse and remand for further proceedings.
Appellees Shirley G. Smith and Gertrude C. Crossley are the daughters of Willie Tyler, who died in 1967; appellee Beulah Tyler is Willie Tyler's widow. At the time of his death, Willie and Beulah Tyler occupied as a homestead the property involved in this case. Upon his death, Beulah received a life interest in the property, with appellees Smith and Crossley each receiving the remainder interest. In 1970, three years after Willie Tyler's death, Beulah Tyler was adjudicated incompetent. Although her competency was not restored until 1986, the record below demonstrates that for the entire period of her alleged incompetency, she lived by herself, held down jobs, and managed her own affairs without the assistance of a guardian.
In 1978, Smith, Crossley and Tyler executed a lease of the subject property to a Mr. Driggers. By its terms, the lease was to run from July 1, 1978 to June 30, 1980. The terms of the lease also provided that the lessees would have an option to purchase the property during the term of the lease, upon down payment of $3,000. Although the lease also contained a provision that no assignment thereof would be valid absent the written consent of the lessors, some time before the expiration of the lease it was assigned by the original lessees to a Mr. Gay, who in turn assigned it to Mr. Cushman, who is the appellant herein. Appellees made no objection to these assignments, continued to accept the rental payments, and acknowledged at the trial of the declaratory judgment petition that they never had any objections to such assignments regardless of the language of the lease.
The option to buy the property was exercised by appellant Cushman in 1980. Pursuant thereto, Smith, Crossley and Tyler drew up a contract for the sale and purchase of land, which contract indicated that the buyer was the original assignee of the lease, Mr. Gay. Appellees executed this contract, and forwarded it to appellant Cushman. Appellant Cushman drew up a virtually identical contract for sale and purchase, which he executed and returned to appellees; the appellees' signatures were never placed on the contract returned to them by appellant Cushman. However, all of the parties proceeded to conduct themselves as though an agreement existed. Cushman deposited the required $3,000 into the escrow account of appellees' attorney, Feagle, and appellees made application for title insurance on the property.
It was at this time that all parties became aware that there was a cloud on the title of the property, namely the 1970 adjudication of Beulah Tyler as incompetent. There was a provision in the contracts for sale and purchase of the land that the sellers (appellees) would have 120 days in which to remove any impediments to clear title on the property. At that point, if the cloud had not been removed, the buyer was given three options: 1) to bring a suit for specific performance, 2) to accept title complete with the defect and close the transaction, or 3) to terminate the contract and receive his $3,000 deposit back. At the end of this 120 day period, appellees Smith and Crossley had been unable to locate Mrs. *964 Tyler, so as to proceed with the restoration of her competency thus removing the cloud on the title. Appellant Cushman did not exercise any of his options under the contractual provisions, based on his statement that he understood that continuing efforts were being made to remove the cloud on the title and that everyone still desired to consummate the transaction. During the entire course of these proceedings and until 1 January 1985 (in the case of appellees Smith and Crossley) and April 1987 in the case of appellee Tyler, appellant Cushman continued to pay the rent specified in the original lease, and the appellees continued to accept it.
Things continued in this manner until 17 May 1984, at which time appellees Smith and Crossley filed the instant petition for declaratory judgment, seeking a declaration under the above facts that either 1) the contract for sale and purchase of land was void ab initio based on Mrs. Tyler's incompetence at the time the contract was executed, or 2) that appellant Cushman had abandoned the contract by his failure to exercise his options pursuant thereto upon the appellees' failure to clear the title. After the filing of this complaint, in November 1984, appellant Cushman was notified by letter from Smith and Crossley's attorney, Feagle, that based on certain alleged failures by Cushman to pay taxes on the property, to maintain insurance thereon and to keep the property in good repair, all as required by the initial lease, they wished to terminate the contract for sale and purchase and desired Cushman to vacate the property by 1 January 1985. After 1 January 1985, Smith and Crossley accepted no further rent payments from Cushman; Beulah Tyler, on the other hand, continued to accept the rental payments through and including April 1987.
The complaint for declaratory judgment was heard in a nonjury proceeding on 7 July 1987, at which the foregoing facts were adduced. The trial court entered its final judgment on 11 August 1987. While evidently finding that, despite Mrs. Tyler's adjudication of incompetence in 1970, that factor did not operate to render the contract for sale and purchase of land voidable, the trial court nevertheless found that, because neither of the contracts for sale and purchase were signed by all of the parties to the transaction, the two agreements did not constitute or establish a binding enforceable contract and that none of the parties had obtained any enforceable rights thereby except that of appellant Cushman to receive his $3,000 deposit back. Having ruled that there was never a binding contract, the court found it unnecessary to reach the second issue of whether, by his delay in enforcing his rights under the contract, Cushman had abandoned it.
It was appellees' contention below that the contract for sale and purchase was voidable, based upon its execution by Beulah Tyler, whose competence had not been restored at the time of the execution of the contract. It was never argued by appellees that no contract ever existed. With regard to the issue of Ms. Tyler's incompetence, it is apparent from the reference thereto in the trial court's final judgment that, based on the evidence of Ms. Tyler's capability of living independently and caring for her own business affairs, the court did not find the contract voidable based on any incompetence on her part.
It is clear from reading the final judgment that the court relied instead on the absence of one contract for sale bearing the signatures of both the appellees, and appellant Cushman. However, the rule is that where an agreement is evidenced by two or more writings, the writings must be construed together. This rule is not necessarily confined to instruments executed at the same time by the same parties for the same purpose; instruments entered into on different days but concerning the same subject matter may under some circumstances be regarded as one contract and interpreted together. J.M. Montgomery Roofing Co., Inc. v. Howland, 98 So.2d 484, 486 (Fla. 1957) (emphasis supplied).
Here, the facts reflect that appellees, who had already acquiesced in the assignment of the lease containing the option to buy which was being exercised herein, *965 prepared a contract for sale and purchase of that property from themselves to assignee Gay. Upon receipt of the proposed contract, and in the knowledge that assignee Gay had subsequently assigned the lease to appellant Cushman, appellant Cushman merely redrafted a virtually identical proposed contract, changing only the proposed buyer's name, who was another assignee of the lease agreement. Upon receipt of the second proposed contract, bearing appellant Cushman's signature, all parties proceeded under the terms of that contract. Cushman placed (and appellees accepted) the required $3,000 deposit into an escrow account managed by appellees' attorney, Feagle, and appellees proceeded, also as required by the contract, to seek a policy of title insurance on the property. Also under the terms of the contract, when the title investigation revealed a cloud in the form of Beulah Tyler's unrestored competency, the appellees proceeded with attempts to locate Ms. Tyler and have her competency restored so as to remove that cloud. Further, all of the appellees continued to accept rental payments from Cushman for the period from the signing of the proposed contract until January 1985, when appellees Smith and Crossley finally decided that they wanted to terminate the contract for sale. Beulah Tyler on the other hand, the holder of the life estate in the property, continued to accept Cushman's rental payments through April 1987. Until the end of 1984, therefore, there was no intimation from either the appellee sellers or the appellant buyer that they desired to do anything otherwise than proceed under the contract as executed in 1980.
Therefore, because the documents herein, which were prepared at approximately the same time and which contain virtually identical terms, when read together bear the signatures of all parties concerned, and because all of those parties proceeded to comply with the requirements of those contracts, we find that the trial court erred in finding that none of the parties obtained any enforceable rights under the contract and reverse the final judgment herein. The case is remanded for consideration by the trial court of the remaining issue in appellees' declaratory judgment petition, that is, whether Cushman has abandoned or terminated the instant contract by delay in enforcing his rights under it.
JOANOS, J., concurs.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent and would affirm the trial court. I do not interpret J.M. Montgomery Roofing Co., supra, as authorizing the construction of two instruments as one agreement when one of the instruments is executed by named sellers but the named buyer does not execute; and the other instrument is executed by an entirely different buyer and the same sellers are named but do not execute the other instrument. There could be reasons why sellers would sign an instrument in which a certain buyer is named but would not execute another instrument executed by a different buyer. The fact that one or some of the sellers accepted rent money, to me, does not translate into those sellers accepting the rent payer as a buyer on a contract for sale of that property.