546 So.2d 740 (1989)
James MAHL, Appellant,
v.
DADE PIPE AND PLUMBING SUPPLY CO., INC., and Progress Lighting Company, Appellees.
No. 88-1231.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Rehearing Denied August 14, 1989.
Robert C. Eber, Miami, for appellant.
Vernis & Bowling and Calvin L. Fox, Merritt & Sikes and William C. Merritt, Miami, for appellees.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from two final orders granting summary judgment for appellees Progress Lighting Company (Progress Lighting) and Dade Pipe and Plumbing Supply Co., Inc. (Dade Pipe).
James Mahl, the appellant, brought suit for personal injury damages claiming he was injured when a glass globe shattered which he was removing from a light fixture. Mahl alleged in his complaint that the globe had been manufactured by Progress Lighting and distributed or sold by Dade Pipe. Progress Lighting moved for summary judgment on the ground that Mahl could not identify Progress Lighting as having produced the globe involved in the accident. Dade Pipe moved for summary judgment on the ground that Mahl could not identify Dade Pipe as having supplied the globe in question. The trial court granted Progress Lighting's motion for summary judgment but denied Dade Pipe's motion for summary judgment. Dade Pipe later renewed its motion for summary judgment, which the trial court subsequently granted.
Mahl contends the trial court erred in entering the summary judgments in favor of Progress Lighting and Dade Pipe because the record reflects the existence of a genuine issue of material fact as to Progress Lighting having produced the globe involved in the accident and Dade *741 Pipe having supplied the globe. We do not agree. Mahl apparently relied on faith and hope alone, and, has not presented any evidence that Progress Lighting produced the globe or that Dade Pipe supplied it. See Vecta Contract, Inc. v. Lynch, 444 So.2d 1093 (Fla. 4th DCA), review denied, 453 So.2d 44 (Fla. 1984). It is axiomatic that summary judgment may be entered whenever the pleadings, affidavits, depositions or other factual showings reveal there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Johnson v. Gulf Life Insurance Company, 429 So.2d 744 (Fla. 3d DCA 1983). The orders of summary judgment appealed here are therefore affirmed.