566 So.2d 348 (1990)
Marion SLACHTER, Trustee, Appellant,
v.
ABUNDIO INVESTMENT COMPANY, Appellee.
No. 90-396.
District Court of Appeal of Florida, Third District.
September 4, 1990.
Allan B. Marks, and Keith, Mack, Lewis, Allison & Cohen, and Carlos D. Lerman, Miami, for appellant.
Terrence E. Rosenberg, Miami Beach, for appellee.
Before HUBBART, NESBITT and GERSTEN, JJ.
PER CURIAM.
Appellant, Marion Slachter (Slachter), appeals a final summary judgment in favor of appellee, Abundio Investment Company (Abundio), on Abundio's action to quiet title to real property. We affirm.
Abundio purchased the property in issue at a sheriff's sale and obtained and recorded a deed. The sheriff's sale was based on a judgment obtained against Emma Kramer, the original owner of the property. The judgment was recorded in the official record books in February 1985.
Slachter held a mortgage where Emma Rodriguez, a/k/a, Emma Kramer, was the mortgagor. Slachter's mortgage was recorded in June 1986.
On April 15, 1989, Abundio filed a complaint to quiet title on the property alleging it had a superior interest to any claims of Slachter, and, that Slachter's interest in the property had been extinquished. In July 1989, Slachter filed a motion to dismiss Abundio's complaint.
In October 1989, Abundio moved for summary judgment. Attached to Abundio's motion was: (1) the affidavit of its agent attesting to Abundio's purchase of the property at the sheriff's sale; (2) a copy of the sheriff's deed; (3) the judgment on which the property was levied and recorded; and (4) Slachter's mortgage on the property.
Slachter filed no response to Abundio's motion for summary judgment and did not attend the hearing. The trial court granted Abundio's motion for summary judgment and entered an order quieting title to the real property in favor of Abundio.
Shortly thereafter, Slachter moved for rehearing of the order of final summary judgment. In the motion, Slachter's counsel admitted to having received notice of the summary judgment hearing, but was unable to attend due to a conflict. Slachter also alleged that she had "meritorious defenses" *349 to Abundio's complaint. The trial court denied Slachter's motion and this appeal followed.
Slachter first contends the trial court erred in entering summary judgment in favor of Abundio because Abundio failed to prove the absence of any genuine issue of material fact and because Slachter's motion to dismiss remained pending. We do not agree.
"It is axiomatic that summary judgment may be entered whenever the pleadings, affidavits, depositions or other factual showings reveal there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Mahl v. Dade Pipe and Plumbing Supply Co., Inc., 546 So.2d 740, 741 (Fla. 3d DCA 1989).
Abundio's motion for summary judgment, affidavit in support of motion, a copy of the sheriff's deed, the recorded judgment, and Slachter's mortgage demonstrated conclusively that Abundio's title was based on a judgment, recorded prior in time, to Slachter's mortgage lien. Since an earlier recorded judgment takes priority over a later recorded mortgage lien, and Slachter offered nothing in response indicating any genuine issue of material fact, the trial court properly entered final summary judgment. See generally McAlice v. Andersen, 403 So.2d 563 (Fla. 3d DCA 1981); Bond-Howell Lumber Company v. First National Bank of Eau Gallie, 200 So.2d 555 (Fla. 4th DCA 1967).
The cases Slachter relies on concerning her motion to dismiss, are without merit. In those cases the plaintiffs had not conclusively demonstrated the absence of any genuine issue of material fact. Here, Abundio did demonstrate the absence of any genuine issue of material fact, and Slachter did not file any affidavits or defenses in opposition to Abundio's motion. Further, a summary judgment may be entered under the Florida Rules of Civil Procedure before a defendant has filed an answer. R. 1.510, Fla.R.Civ.P.; Coral Ridge Properties, Inc. v. Playa Del Mar Association, Inc., 505 So.2d 414 (Fla. 1987); Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962).
Slachter next contends the trial court erred in denying Slachter's motion for rehearing of the final summary judgment because Slachter presented a sufficient factual basis for counsel's failure to attend the summary judgment hearing. We again do not agree.
In Marco Surfside, Inc. v. Velez, 438 So.2d 911 (Fla. 3d DCA 1983), this court reversed a plaintiff's final summary judgment where the defendant's counsel failed to attend the summary judgment hearing. We held that the trial court abused its discretion in failing to grant a rehearing and accept a late-filed affidavit when counsel's failure to attend the hearing and failure to file the affidavit was due to excusable error, and, the late-filed affidavit created a genuine issue of material fact as to plaintiff's entitlement to summary judgment. Marco Surfside, Inc. v. Velez, 438 So.2d at 912.
In this case, Slachter's motion for rehearing of the final summary judgment merely alleged that Slachter had "meritorious defenses" to Abundio's claim. Once a movant for summary judgment meets his burden of demonstrating conclusively that no genuine issues of material fact exist, the burden shifts to the opposing party to come forward with evidence sufficient to reveal that an issue exists. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Further, it is not enough for an opposing party to merely assert that an issue does exist. Reflex, N.V. v. Umet Trust, 336 So.2d 473 (Fla. 3d DCA 1976).
Accordingly, the order of final summary judgment appealed is affirmed.