633 So.2d 47 (1994)
CITICORP REAL ESTATE, INC., Appellant,
v.
AMERIPALMS 6B GP, INC., as general partner of Ameripalms 6B, Ltd., Appellee.
No. 93-1202.
District Court of Appeal of Florida, Third District.
February 8, 1994.
Rehearing Denied April 5, 1994.
*48 Weil, Gotshal & Manges, Bruce J. Berman, Jamie A. Cole and Jana L. Kervel, Miami, for appellant.
Kluger, Peretz, Kaplan & Berlin, Alan J. Kluger and Michael B. Chesal, Miami, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
The defendant below, Citicorp Real Estate, Inc. [CRE], appeals from a final summary judgment entered in favor of Ameripalms 6B GP, Inc. [Ameripalms]. We affirm.
The transaction underlying this suit began when Ameripalms began negotiating to purchase parcels 6 and 6B. The parties originally agreed that Ameripalms could purchase both parcels under a single contract for $6 million. However, it became necessary to divide the sale into two separate contracts. The parties allocated $4 million to parcel 6 and $2 million to parcel 6B. However, CRE, the holder of a mortgage on both properties, requested a $700,000 increase in the purchase price for 6B. To accommodate Citicorp's request without disturbing the agreed upon total purchase price, the parties raised the 6B purchase price to $2.7 million and lowered the 6 contract price to $3.3 million.
On June 28, 1989, the parties executed the contracts to purchase the parcels. Ameripalms agreed to purchase parcel 6B from Tampa Palms for $2.7 million. The purchase price consisted of a $25,000 deposit, $2 million payable in cash at closing, and a $675,000 promissory note to be delivered at closing. A draft note was prepared stating that the note was to "mature when the Seller and Purchaser close, or are obligated to close, on the sale of Unit 6 of Tampa Palms Area 8, whereupon the principal balance outstanding under the Note shall be due and payable." During the closing on July 21, 1989, Ameripalms delivered to Tampa Palms $2 million in cash and an executed note. The note that was executed stated that it was payable "ten (10) days after the Application for Development Approval ... ha[s] been accepted for processing by the City of Tampa." The Application for Development Approval was accepted for processing on July 27, 1989. On August 29, 1989, Ameripalms paid the full amount of the note by wire transfer to Tampa Palms. The amount was then paid by Tampa Palms to CRE, in partial satisfaction of Tampa Palms' prior obligation to CRE.
The parties never closed on parcel 6. Ameripalms contends that since payment under the note was conditioned on the closing of parcel 6, payment under the note never became due. Ameripalms filed an action against CRE for conversion, money had and received, and for unjust enrichment.
The parties cross-moved for summary judgment, but on different issues. The trial *49 court granted summary judgment in favor of Ameripalms and awarded Ameripalms $675,350, the amount Ameripalms paid to CRE under the note.
CRE appeals contending that the trial court erred in entering summary judgment in favor of Ameripalms where numerous disputed issues of fact remain. We disagree and find that the trial court properly entered final summary judgment in favor of Ameripalms where Ameripalms presented clear, undisputed evidence to support its motion and where CRE failed to present any evidence sufficient to reveal a genuine issue. Slachter v. Abundio Inv. Co., 566 So.2d 348 (Fla. 3d DCA 1990); Pratt's Office Supplies, Inc. v. Bird Bowl Invs., 565 So.2d 795 (Fla. 3d DCA 1990).
The law is well established that two or more documents executed by the same parties, at or near the same time, and concerning the same transaction or subject matter are generally construed together as a single contract. Clayton v. Howard Johnson Franchise Sys., Inc., 954 F.2d 645 (11th Cir.1992); Central Nat'l Bank v. Palmer, 806 F. Supp. 253 (M.D.Fla. 1992); J.M. Montgomery Roofing Co., Inc. v. Howland, 98 So.2d 484 (Fla. 1957); KRC Enters., Inc. v. Soderquist, 553 So.2d 760 (Fla. 2d DCA 1989); Cushman v. Smith, 528 So.2d 962 (Fla. 1st DCA 1988); International Ship Repair & Marine Servs., Inc. v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA), rev. denied, 479 So.2d 117 (Fla. 1985); Fraser v. Lewis, 187 So.2d 684 (Fla. 3d DCA 1966). The writings must be construed together because they are part of a contemporaneous transaction. Holcomb v. Bardill, 214 So.2d 522 (Fla. 4th DCA 1968), cert. denied, 225 So.2d 526 (Fla. 1969). The term "contemporaneous" has been interpreted as "so approximate in time as to grow out of, elucidate and explain the quality and character of the transaction, or an occurrence within such time as would reasonably make it part of the transaction." Popwell v. Abel, 226 So.2d 418, 421 (Fla. 4th DCA 1969) (citation omitted).
The parcel 6B contract and the note were both executed as part of the same transaction. Moreover, the parties' agreement is evidenced by these two writings executed by the same parties, at or near the same time, and concerning the same subject matter. Therefore, the trial court properly considered parol evidence to construe the parties' intent and to determine the correct payment term.
Affirmed.