COPE, Judge
(dissenting).
I respectfully dissent. I would reverse the order denying the motion for relief from judgment.
Appellants Edward," Margaret, and Mary Mitchell were plaintiffs in protracted litigation below. In February, 1992, the case was pending on the plaintiffs’ third amended complaint. Although the case was not at issue, the trial court issued a trial order setting the case for trial in August, 1992.
In May, 1992 the trial court allowed plaintiffs’ counsel to withdraw and allowed plaintiffs 30 days to obtain new counsel.
Two weeks later, defendant-appellees Robert and Roslyn Kelly answered the third amended complaint and filed a counterclaim for multiple torts. Meanwhile, plaintiffs’ former attorney filed a separate lawsuit against the plaintiffs for unpaid attorney’s fees.
Plaintiffs promptly obtained new counsel and met with him to review the pending counterclaim as well as the lawsuit recently filed by their former attorney. The Mitch-ells were aware of the February, 1992 order setting the case for trial, but in the meeting with new counsel, they did not mention the trial date nor, to the best of their recollection, did they give new counsel a copy of the pretrial order.
Several days later, new counsel filed an answer to the counterelaiijh. He looked at the court file, which exceeded 500 pages in length. In so doing, he failed to observe that there was a pending trial order.
Calendar call was held July 30, 1992. Counsel did not appear. It is reasonably clear that no effort was made by opposing counsel or the judge’s chambers to call counsel about his absence. The case went to trial the following week in the absence of the Mitchells and their counsel. The Kellys recovered a judgment on the counterclaim in the amount of $232,500.
As soon as the Mitchells received the final judgment, they moved for relief from judgment. The trial court denied the motion and the Mitchells have appealed.
The question presented by the appeal is whether in this ease there was excusable neglect. It is clear that the Mitchells have acted with due diligence, having served their motion for relief from judgment two days after the final judgment was entered. Furthermore, the pleadings make a showing of meritorious defense.
Plainly in the present case there was neglect. The Mitchells knew about the trial date. They should have told new counsel about the trial date. Furthermore, newly-entering counsel should have specifically asked the clients, and should have examined the court file and/or queried opposing counsel about that exact point. The case had been pending for several years, so that the existence of a possible trial date should have been a point looked into by counsel.
However, I believe that the neglect is excusable under the circumstances of this case. In the first place, the initial pleading given to counsel by the Mitchells was the 67 page answer and counterclaim filed by the Kellys. New counsel’s immediate task was to file a responsive pleading within the time allowed by the rules. Since the pleadings were not yet closed, the action was not yet at issue. See Fla.R.Civ.P. 1.440. This state of the pleadings could lead counsel to make the mistaken assumption that there was not yet a trial order in the case.
Second, I would have thought that as a matter of courtesy when counsel did not appear for the calendar call, opposing counsel would have placed a phone call to discover why the Mitchells’ counsel was not present. As the Kellys well knew, new counsel had entered the case and had within a few weeks previously, filed the answer to counterclaim.
*68 Florida’s long-standing public policy favors adjudication of cases on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). The instant case is analogous to those in which counsel has failed to appear by reason of a calendaring error. See Marco Surfside, Inc. v. Velez, 438 So.2d 911, 912 (Fla. 3d DCA 1983); Supro Corp. v. Bridwell, 361 So.2d 734, 735 (Fla. 4th DCA 1978); Travelers Ins. Co. v. Bryson, 341 So.2d 1013, 1014-15 (Fla. 4th DCA 1977). The order under review should be reversed.