GERSTEN, Judge.
Frank King appeals an adverse summary judgment claiming a genuine issue of material fact exists concerning the legal status of the defendant newspaper carrier as an employee of appellee/defendant newspaper company. We affirm the trial court’s order.
Defendant Willie Hall (“Hall”) is a newspaper carrier for appellee/defendant Knight-Ridder, Inc., d/b/a the Miami Herald (“the Herald”). Hall was driving a van that hit and killed Annie King, as she was walking on the street. Thereafter, Annie’s husband, appellant Frank King (“plaintiff’), filed a wrongful death action on behalf of his wife’s estate and himself individually.
The plaintiff alleged Hall was negligent in operating the vehicle, and that Hall was driving the van as an “employee, representative, servant, and/or agent” of the Herald, acting within the scope of his apparent authority. The Herald denied this allegation and both parties moved for summary judgment on the issue of Hall’s legal status.
At the hearing, the Herald argued that Hall was an independent contractor as evidenced by a written agreement between Hall and the Herald. This agreement is titled “Miami Herald Publishing Company Independent Distribution Agreement” (“ID Agreement”). The ID Agreement provided that Hall was “an independent business person and not employed by” the Herald. It further provided Hall was free to engage in other business activities, Hall had the right to operate the delivery business in any manner he chose, Hall set his own working hours, was required to provide his own equipment and use his own vehicle, that Hall’s sole compensation would be the profit he derived from sales, and that either party could terminate the agreement upon 30 days notice.
The plaintiff argued in opposition that Hall was an employee as reflected by certain provisions of the ID Agreement and by the course of conduct of the parties. The plaintiff presented the affidavit of Mrs. Hall, who testified that the Herald *1243 directed Hall to place a Miami Herald logo on his vehicle.
At the conclusion of the hearing, the trial court entered final summary judgment in favor of the Herald citing to Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla.1956) as “indistinguishable” from the present case. We agree with the trial court’s reasoning as reflected in its order which states in relevant part:
15. The facts and circumstances set forth in the Supreme Court opinion in The Miami Herald Publishing Company v. Kendall, 88 So.2d 276 (Fla.1956), are indistinguishable from the facts and circumstances of this action. In Kendall, the Supreme Court devised a test to be applied to persons delivering The Miami Herald newspaper who are involved in a motor vehicle accident with a pedestrian. The Supreme Court determined that if the one securing the services controls the means by which the task is accomplished, the one performing the services is an employee. If not, he is an independent contractor. Applying the Kendall Court’s reasoning and holding to the indistinguishable facts in the instant action, this Court finds, as a matter of law, that The Herald delivery person, Hall, was an independent contractor and as such there could be no vicarious liability imputed to The Herald. Kendall, Id. Additionally, in reaching this decision this Court has reviewed, considered and applied the Kendall progeny, including Howard v. Shirmer, 334 So.2d 103 (Fla. 3d DCA 1976); Walker v. Palm Beach Newspapers, Inc., 561 So.2d 1198 (Fla. 5th DCA 1990); and Keith v. News and Sun Sentinel Company, 667 So.2d 167 (Fla.1995).
16. The contract between The Herald and Hall controlled Hall only as to the results which were to be obtained, and did not control Hall’s performance with regard to the details of his engagement nor his day-to-day activity. As such, Hall was an independent contract over whom The Herald had not control in the manner in which he carried out his responsibilities.
Simply, the facts and case law establish Hall was an independent contractor. See Keith v. News & Sun Sentinel Co., 667 So.2d 167 (Fla.1995); Miami Herald Pub. Co. v. Kendall, 88 So.2d 276 (Fla.1956); Howard v. Shirmer, 334 So.2d 103 (Fla. 3d DCA 1976). The plaintiffs mere assertion that an issue exists regarding Hall’s status is insufficient to create a genuine issue of material fact. See Slachter v. Abundio Inv. Co., 566 So.2d 348 (Fla. 3d DCA 1990); Reflex, N.V. v. UMET Trust, 336 So.2d 473 (Fla. 3d DCA 1976). Accordingly, entry of final summary judgment in favor of the Herald was appropriate, and we affirm the order below.
Affirmed.