GROSS, J.
Lillian and Gerorge Marcoux appeal a final summary judgment entered against them on their claim against appellant, The Miami Herald Publishing Company. The lawsuit arose out of Mrs. Marcoux tripping over newspapers left in the aisle of a Circle K store by a delivery person, Max Creve-Cour. The issue in the summary judgment was whether Creve-Cour was an independent contractor of the Miami Herald, as opposed to an employee. We affirm on the authority of Keith v. News & Sun Sentinel Co., 667 So.2d 167 (Fla.1995), Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla.1956), and Florida Publishing Co. v. Lourcey, 141 Fla. 767, 193 So. 847 (1940).
Recently, the third district confronted the independent contractor/employee issue in King v. Hall, 740 So.2d 1241 (Fla. 3d DCA 1999), review denied, 763 So.2d 565 (Fla.2000). There, a newspaper carrier for the Miami Herald drove a van that hit and killed Annie King as she was walking down the street. Mrs. King’s husband brought a wrongful death action alleging that the newspaper carrier was negligent in driving the van as an “employee, representative, servant, and/or agent” of the Miami Herald. Id. at 1242.
Both parties moved for summary judgment on the issue of the carrier’s legal status. The Miami Herald argued that the carrier was an independent contractor, as evidenced by a written agreement between the delivery person and the Miami Herald. The Independent Distribution Agreement in King was like the one in this case — it provided that the carrier was an independent contractor and not an employee of the Miami Herald; that the carrier was free to engage in other business activities; that the carrier had the right to operate the delivery business in any manner he chose, to set his own working hours, and to provide his own equipment and vehicle; that the carrier was compensated by the profit derived from sales; and that either party could terminate the agreement upon thirty days notice. See id.
The plaintiff in King presented evidence that the Miami Herald directed the carrier to place a Miami Herald logo on his vehicle. See id. at 1242^43. Citing to Kendall, the trial court in King entered final summary judgment in favor of the Miami *1271 Herald, finding the situation “ ‘indistinguishable’ ” from that in Kendall. Id. at 1243. The trial court noted that in Kendall, the supreme court “ ‘determined that if the one securing the services controls the means by which the task is accomplished, the one performing the services is an employee. If not, he is an independent contractor.’ ” 740 So.2d at 1243.[1] The trial court concluded that “[t]he contract between The Herald and Hall controlled Hall only as to the results which were to be obtained, and did not control Hall’s performance with regard to the details of his engagement nor his day-to-day activity. As such, Hall was an independent contraction] over whom The Herald had no[ ] control in the manner in which he carried out his responsibilities.’ ” Id.
The third district agreed finding “[simply, the facts and case law establish Hall was an independent contractor.... The plaintiffs mere assertion that an issue exists regarding Hall’s status is insufficient to create a genuine issue of material fact.” Id. (citations omitted).
King is similar to the case at bar. Relying on King, and the cases cited above from the supreme court, we affirm.
DELL and KLEIN, JJ., concur.

. See 4139 Mgmt. Inc. v. Dep't of Labor & Employment, 763 So.2d 514, 517 (Fla. 5th DCA 2000) (finding in worker's compensation case that housekeepers doing work for condo association were independent contractors and noting "if control is confined to results only, there is generally an independent contractor relationship, whereas if control is extended to the means used to achieve the results, there is generally an employer-employee relationship”); Nazworth v. Swire Fla., Inc., 486 So.2d 637, 638 (Fla. 1st DCA 1986) ("The standard for determining whether an agent is an independent contractor is the degree of control exercised by the employer or owner over the agent.... More particularly, it is the right of control, and not actual control, which determines the relationship between the parties.”).