WELLS, Judge.
In this product liability action, Manley-Deboer Lumber Company, Manley-De-boer Lumber Company Limited Partnership, and Manley-Deboer, Inc., referred to collectively herein as the retailer, appeal the final summary judgment issued in favor of Georgia-Pacific Corporation and Georgia-Pacific Products, Inc., the alleged suppliers of lumber which plaintiff claimed caused his injury. Plaintiff maintained below that he was sawing a piece of lumber purchased from the retailer when a metal object embedded within the lumber dislodged, struck and injured him. The plaintiff brought suit against the retailer as well as a number of the suppliers which had supplied lumber to the retailer.
With no evidence as to which of at least three suppliers had distributed the lumber at issue, or the condition of that lumber when it left the supplier, only by an impermissible pyramiding of inferences could the supplier of the lumber at issue be identified and the defective nature of that lumber be established. Accordingly, we affirm the order under review. See Nielsen v. City of Sarasota, 117 So.2d 731, 733 (Fla.1960)(observing that “if a party to a civil action depends upon inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to exclusion of all other reasonable inferences”); Liggett Group, Inc. v. Engle, 853 So.2d 434, 467 n. 46 (Fla. 3d DCA 2003)(“It is aphoristic that a plaintiff cannot prevail on claims for negligence, breach of warranty or strict liability, unless the plaintiff establishes that the product which allegedly caused the plaintiffs injury was manufactured or sold by the defendant”); Mahl v. Dade Pipe and Plumbing Supply Co., Inc., 546 So.2d 740, 741 (Fla. 3d DCA 1989)(“It is axiomatic that summary judgment may be entered whenever the pleadings, affidavits, depositions or other factual showings reveal there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law”).