COHEN, J.
This appeal arises out of an action brought under Florida’s Uniform Contribution Among Tortfeasors Act (“the Contribution Act”), section 768.31, Florida Statutes. In the underlying wrongful death action, the estate of Robert Cardini (“the estate”) sued Trapper John Animal Control, Inc. (“Trapper John”), for negligently spraying rat poison into an air duct, which Mr. Cardini then inhaled. Mr. Car-dini had been treated by Dr. Lawrence Gilliard before succumbing to the effects of the poison. The doctor was not named as a defendant in the wrongful death action.
Trapper John settled with the estate for $1 million and obtained a release from Katherine Rider-Cardini on February 11, 2002 (“the first release”). The first release provided in relevant part:
I, the undersigned, Katherine L. Rider-Cardini, individually, and as the Personal Representative of the Estate of Robert G. Cardini (“Releasor”), for and in consideration of payment of the sum of One Million Dollars and NO/ 100 ($1,000,000.00), receipt of which I hereby acknowledge, do ... hereby remise, release, acquit and forever discharge Trapper John Animal Control, Inc., d/b/a Trapper John Rodent and Animal Specialist, LIPCA, Inc., American Safety Risk Retention Group, as well as any and all of their principles [sic], subsidiaries, partners, officers, directors, agents, shareholders, representatives, assigns and employees (“Re-leasees”), of and from any and all claims, losses, ... any and all manner of action and actions, cause and causes of action, suits ... arising from any act, omission or matter that is the subject of [the wrongful death action].[1]
The release did not mention Dr. Gilliard and the settlement was approved by the trial court in the estate’s probate case. Some fourteen months later, Trapper John procured from Ms. Rider-Cardini a second release that specifically discharged Dr. Gil-liard’s liability. Dr. Gilliard was not involved in providing consideration for, or otherwise procuring, the second release. That release provided in pertinent part:
Katherine L. Rider-Cardini, individually, and as the personal representative of the Estate of Robert G. Cardini (“Releasor”), for and in consideration of payment of the sum of Ten Dollard [sic] ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby remise, release and forever discharge Lawrence M. Gilliard, M.D., ... from any and all actions, claims and demands ... arising on account of or in connection with any medical treatment rendered to Robert G. Cardini as a consequence of an accident, occurrence, incident or event that [was the subject of the wrongful death action]....
Subsequently, Trapper John sought contribution from Dr. Gilliard under the Contribution Act, alleging that the doctor had negligently treated Mr. Cardini. Dr. Gilliard moved for summary judgment, claiming, inter alia, that Trapper John was not entitled to contribution because the settlement between Trapper John and the *463 estate did not extinguish Dr. Gilliard’s liability. After a hearing, the trial court granted final summary judgment in favor of Dr. Gilliard. The court ruled that the first release was unambiguous and did not extinguish Dr. Gilliard’s liability to the estate, that the second release was not connected to the first release and original agreement, and that Trapper John’s contribution claim was barred by the statute of limitations. This appeal followed.
The Contribution Act gives a settling tortfeasor a right of contribution against other joint tortfeasors. Section 768.31(2)(a), Florida Statutes (2003), provides: “[Wjhen two or more persons become jointly or severally liable in tort for the same ... wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of thepi.” This right, however, is subject to a caveat: “A tortfea-sor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the ... wrongful death is not extinguished by the settlement....” § 768.31(2)(d), Fla. Stat. Additionally, when a release is given in good faith to one of two or more persons liable in tort for the same wrongful death, the release does not discharge any of the other tortfeasors unless its terms so provide. § 768.31(5)(a), Fla. Stat. (2003). Thus, a settling tortfeasor “is only entitled to contribution if the settlement also releases the tortfeasor from whom contribution is sought.” Woods v. Withrow, 413 So.2d 1179, 1181-82 (Fla.1982).
In the instant case, the trial court properly found the first release settled only Trapper John’s liability and left open the estate’s right to pursue any claim for medical malpractice against Dr. Gilliard. The language of the release clearly and unambiguously settled Trapper John’s liability. See Cain v. Banka, 932 So.2d 575, 578 (Fla. 5th DCA 2006) (stating exculpatory clauses relieving party from liability must be clear and unequivocal). While the release could have discharged Dr. Gilliard by either specifically naming him or referring to him through use of “all persons” language, it failed to do so. See Hester v. Gatlin, 332 So.2d 660, 662 (Fla. 2d DCA 1976) (finding “any and all other persons” released unnamed joint tortfeasor).
Trapper John’s attempt to alter the terms of the first release by parol evidence, in the form of deposition testimony as to its attorney’s intentions and the proffer of a second release, did not raise a genuine issue of material fact. The second release, prepared more than a year later, does not refer to or otherwise describe the original release, nor does it include the same parties or subject matter. See OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990) (discussing generally rule for construing two or more documents together as a single contract); see also Citicorp Real Estate, Inc. v. Ameripalms 6B GP, Inc., 633 So.2d 47, 49 (Fla. 3d DCA 1994) (stating writings are construed together when they are part of a “contemporaneous” transaction, which “has been interpreted as so approximate in time as to grow out of, elucidate and explain the quality and character of the transaction, or an occurrence within such time as would reasonably make it part of the transaction.” (quotation omitted)). As such, it is not necessary to construe the two releases together to infer the parties’ intent as to the first release. “[Cjlear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and diligence.... ” Plumpton v. Cont’l Acreage Dev. Co., 830 So.2d 208, 211 n. 3 (Fla. 5th DCA 2002) (quoting *464 Dean v. Bennett M. Lifter, Inc., 336 So.2d 393, 395 (Fla. 3d DCA 1976)).
We agree that the trial court violated Trapper John’s due process rights by granting summary judgment on the basis of the statute of limitations. Not only did Dr. Gilliard’s motion for summary judgment not raise the statute of limitations defense, his counsel specifically stated that he would not be arguing the expiration of the statute of limitations at that hearing. Given our resolution of the first issue, however, that issue becomes moot.
AFFIRMED.
SAWAYA, J., concurs.
PALMER, J., dissents, -with opinion.

. The record does not disclose the relationship of LIPCA, Inc., to the case. American Safety Risk Retention Group was Trapper John's insurer.