23-452-bk
*In re: Miami Metals I, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUM-
MARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FED-
ERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN
CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE
EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

IN RE: MIAMI METALS I, INC.,

> *Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MITCHELL LEVINE, ERIE MANAGEMENT PARTNERS, LLC,

> *Appellants*,

> v.                                                            23-452-bk

COÖPERATIEVE RABOBANK U.A., NEW YORK BRANCH, BROWN BROTHERS HARRIMAN & CO., BANK HAPOALIM B.M., MITSUBISHI INTERNATIONAL CORPORATION, ICBC STANDARD BANK PLC, TECHEMET METAL TRADING LLC, HAIN CAPITAL IN-VESTORS MASTER FUND, LTD.,

> *Appellees*.

_____

1

For Appellants:                     STEVEN M. BERMAN (Seth P. Traub, *on the brief*), Shumaker, Loop & Kendrick, LLP, Tampa, Florida.

For Appellees:                      STEPHAN E. HORNUNG (James D. Nelson, Michael Luskin, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Mitchell Levine and Erie Management Partners, LLC (the "Levine Parties") appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) affirming the judgment of the United States Bankruptcy Court for the Southern District of New York (Lane, *J.*) to deny the Levine Parties' motion for summary judgment and to grant summary judgment to the Appellees (known as the "Senior Lenders").

At issue is the ownership of certain precious metals that the Levine Parties sent for refinement to Republic Metals Corporation ("RMC," now known as Miami Metals II, Inc., one of the debtors in the underlying bankruptcy litigation). As the bankruptcy court framed this dispute: "[i]f the metals were owned by [RMC], the metals—or their cash equivalent—[are] available to pay the claims of the Senior Lenders in these bankruptcy cases. If the metals were owned by [the Levine Parties], the [Levine Parties] are entitled to receive the full value of the metals." *In re Miami Metals I, Inc.*, 634 B.R. 249, 252 (Bankr. S.D.N.Y. 2021), *aff'd*, No. 22-cv-606, 2023 WL 2242049 (S.D.N.Y. Feb. 27, 2023).

On appeal, the Levine Parties claim that (1) the bankruptcy and district courts erred by interpreting the only written agreement between the Levine Parties and RMC as applying to all

their transactions, even those predating the agreement; (2) the district court erred in making factual findings and failing to address the purported errors in the Bankruptcy Court's application of the parol evidence rule; and (3) the bankruptcy court misapplied the parol evidence rule by excluding certain evidence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal in this case.

The district court's judgment receives de novo review, as if we were reviewing the bankruptcy court's judgment directly. *See In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010). In the process, we assess the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *In re N. New Eng. Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). Under Federal Rule of Civil Procedure 56(a), made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a grant of summary judgment is proper in a bankruptcy proceeding only if "after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Silverman v. Teamsters Loc. 210 Affiliated Health & Ins. Fund*, 761 F.3d 277, 284 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The parties do not dispute that Florida law applies to this controversy but that the application of New York law would not change the outcome.

At the start, we agree with both the district court and the bankruptcy court that the relationship between the Levine Parties and RMC is governed by the "Standard Terms" agreement that Mitchell Levine signed on three separate occasions in 2011, 2013, and 2014 on behalf of himself and his company, Erie Management Partners.

We further agree that the Standard Terms agreement is unambiguous regarding its application to all transactions between the Levine Parties and RMC, including those that predated its

3

signing. "No ambiguity exists where the contract language has a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, 773 F.3d 110, 114 (2d Cir. 2014) (internal quotation marks omitted). Here, the introduction to the Standard Terms declares that the agreement is "the governing document with respect to any and all business dealings between RMC and [the Levine Parties]" and states that it "shall override any and all provisions, terms, and stipulations in Customer purchase orders, sales orders, and/or any other Customer documents." *See* A-2415. The language further provides that "[a]ny contract or agreement entered into between [the Levine Parties] and RMC will operate as if the terms represented in this Standard Terms were made expressly a part thereof." *Id.* It follows that the Standard Terms apply to all relevant transactions; the Levine Parties' arguments to the contrary are unavailing.

As applied to the Levine Parties' claim regarding the ownership of the transacted metals, the Standard Terms, as construed by the bankruptcy court, "unambiguously establish a framework indicative of a sale." *See In re Miami Metals I, Inc.*, 603 B.R. 727, 736–40 (Bankr. S.D.N.Y. 2019). Key to this determination is the fact that the Standard Terms provide RMC's refinement customers with the option to receive the value of their metals in cash or via similar metals "of like kind." *Id.* at 736 (internal quotation marks omitted). Thus, per the Standard Terms, RMC "ha[d] no obligation to return the same metals" that any customer sent. *Id.*

The total value of the metals Levine deposited was reflected by an account balance that RMC maintained on the Levine Parties' behalf. In 2015 and 2018, Levine convinced RMC to pay him fees on the account balance so that the Levine Parties would not withdraw it as cash or like-kind metals. In invoices and emails, Levine and RMC's executives referred to these fees

4

alternatively as "lease fees," "consulting fees," and "interest." A-2508-12. Arguing that this evidence transformed the transactions from sales (as established by the bankruptcy court's unchallenged ruling on the Standard Terms) into leases (as would support their ownership claim), the Levine Parties maintain that they had an ownership interest in the metals underpinning their account balances.

This argument is foreclosed by the Standard Terms, which, as noted above, established all transactions between the Levine Parties and RMC as sales—therefore eliminating any ownership interest claimed by the Levine Parties. As the district court and bankruptcy court both observed, even the so-called "lease" transactions were made expressly pursuant to the Standard Terms. *See* A-2090 ("lease" invoice). Nor was it error to recognize that, as a result of the bankruptcy court's interpretation of the Standard Terms, "the economic substance of the lease-fee arrangements demonstrates not that there was a specific good owned by the Levine Parties and 'stored' by RMC, but instead that the Levine Parties were paid fees in exchange for not withdrawing their pool account balances." *In re Miami Metals I, Inc.*, 2023 WL 2242049, at *5. Contrary to the Levine Parties' argument, the district court did not engage in additional fact-finding to reach that conclusion. Accordingly, we see no error in the decision below.

As to the bankruptcy court's application of the parol evidence rule (which the district court did not opine on), it was limited to excluding evidence, contemporaneous with or prior to the signing of the Standard Terms, that an RMC salesperson asserted that "ownership, I believe, still stayed with the people that gave [metals] to [RMC]." A-2557. This evidence was properly excluded. "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." *W.W.W. Assocs. v. Giancontieri*, 77 N.Y. 2d 157, 162 (1990). Thus, under New

5

York and Florida Law, "[p]arol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract." *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (2013); *see also J. M. Montgomery Roofing Co. v. Fred Howland, Inc.*, 98 So. 2d 484, 485–86 (Fla. 1957). Because the Standard Terms unambiguously "override" all other "provisions, terms, and stipulations" in "Customer documents," any evidence as to the salesperson's understanding of the transactions between the Levine Parties and RMC was inadmissible.[1]

\* \* \*

We have considered the Levine Parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent the Levine Parties argue that the bankruptcy court disregarded evidence of the 2015–2018 "lease" payments pursuant to the parol evidence rule, we disagree. The bankruptcy court described those payments, *In re Miami Metals I, Inc.*, 634 B.R. at 257, before observing that the payments were themselves governed by the Standard Terms, *id.* at 258. It then "side[d] with the Senior Lenders" because the Standard Terms "supersede any other agreements" and establish a sale. *Id.* at 264. The only application of the parol evidence rule was to exclude testimony by an RMC salesperson regarding his understanding as to RMC customer ownership of deposited metals. *Id.* at 264–65.